JUDGE WEBB,
specially concurring.
¶ 37 While I agree with the majority’s disposition, I write separately to air the possibility of a legislative solution.
¶ 38 On the one hand, a trial court may decrease a restitution award if a defendant has otherwise compensated a victim for the “pecuniary losses suffered.” § 18-1.3-603(3)(b)(II), C.R.S. 2016. But on the other, this phrase does not restrict the decrease based on overlap between that compensation and either losses compensable under the restitution statute or any specific item in the restitution award. Indeed, while section 18-1.3-603(6) applies to a setoff against a post-restitution civil judgment rather than against a restitution award, it too does not require any overlap between the items covered by a restitution award and the items “recovered as compensatory damages.” The breadth of the latter section could have significant consequences if the civil judgment included only noneconomic losses, such as pain and suffering, for which the restitution award could not have compensated the victim.
¶ 39 At the restitution hearing in this ease, the trial court found, “You’ll never see a release that says X number of dollars goes to paying the Kaiser bill and X number of dollar’s goes to paying Auto Nation for repairs nor will you see this is earmarked for or designated for medical expenses.” This finding raises the dilemma that, in many cases, the defendant may be unable to meet even the burden imposed by the majority.
¶ 40 True, the majority avoids this dilemma by focusing on language in the Release that corresponds to the two categories of loss identified by the victim compensation board. But that solution may be unavailable in many cases, just as it was unavailable in Lassek, And even here, the question is close because while the release expressly addresses “services,” it is silent as to “medical expenses.”[1]
¶ 41 To avoid further uncertainty, the General Assembly may wish to consider amending section 18-1.3-603(3)(b)(II) to clarify exactly what must be proven, and by whom, to invoke the trial court’s discretion to order a setoff under section 18-1.3-603(3), where a civil settlement predates a restitution hearing.

. This dilemma may be unique to settlements, because if a victim recovers a civil judgment, the jury may have apportioned damages among categories such as economic and noneconomic loss.